UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TSION MEKONNEN,<br><br>               Plaintiff,<br><br>     v.<br><br>MAMADOU DIALLO, and JANE DOE DIALLO,<br><br>               Defendants. | CASE NO. C22-1240 MJP<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendants' Motion for Summary Judgment. (Dkt. No. 28.) Having reviewed the Motion, the Reply (Dkt. No. 31), and all supporting materials, and noting the absence of any response or opposition from Plaintiff, the Court GRANTS the Motion and ENTERS summary judgment in Defendants' favor.

**BACKGROUND**

With the aid of counsel, Plaintiff Tsion Mekonnen filed this personal injury lawsuit against Mamadou Diallo and Jane Doe Diallo in King County Superior Court, asserting one claim of negligence. (Complaint (Dkt. No. 1-1).) Defendants then removed the action to this

Court. (Notice of Removal (Dkt. No. 1).) Shortly after removal, the Court granted Mekonnen's counsel permission to withdraw, and Mekonnen proceeded pro se (representing herself). (Dkt. No. 11.) The Court held a status conference roughly one month later to discuss the scheduling of this case and Mekonnen's rights and obligations as a pro se litigant. (Dkt. Nos. 14, 15.) The Court issued a case schedule, setting the trial for March 25, 2024 and establishing all interim deadlines. (Dkt. No. 19.)

Defendants now move for summary judgment, arguing that Mekonnen has not satisfied the initial disclosure or expert disclosure requirements, and has failed to present any evidence to support her claims. Defendants note that they wrote letters and eventually spoke to Mekonnen about the need for her initial disclosures. (Declaration of Stephan Yhann ¶¶ 4-10.) Defendants' counsel agreed to accept Mekonnen's late initial disclosures if she served them by September 20, 2023, and Mekonnen indicated her approval. (Id. ¶¶ 10-11.) Mekonnen failed to provide any initial disclosures and has not served expert disclosures. (Id. ¶¶ 14-15.) And Mekonnen did not file a response to the Motion for Summary Judgment, despite Defendants' service of the Motion by U.S. Mail and email. (Dkt. No. 28 at 14; Dkt. No. 29 at 4.)

**ANALYSIS**

**A.    Legal Standard**

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986). A genuine issue of material fact exists where there is

sufficient evidence for a reasonable factfinder to find for the nonmoving party. Id. at 248. The moving party bears the initial burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is a genuine issue for trial. Anderson, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." Celotex, 477 U.S. at 323-24.

**B.      Defendants Are Entitled Summary Judgment**

Based on the record before the Court, Defendants are entitled to summary judgment on Mekonnen's negligence claim—her sole cause of action. Defendants have met their burden to show that there is no evidence before the Court to support the essential elements of Mekonnen's claim. And despite being given an opportunity to put forth evidence to support her claims, Mekonnen has not responded to Defendants' Motion or met her burden to show a genuine issue of material fact exists that might preclude summary judgment in Defendants' favor. The record before the Court lacks any evidence that might support Mekonnen's negligence claim. Accordingly, Defendants are entitled to entry of summary judgment in their favor on Mekonnen's negligence claim.

## CONCLUSION

Although it is unclear why, Mekonnen has not been able to prosecute this matter pro se and meet any of the deadlines set by the Court. Defendants have engaged Mekonnen and given her opportunities to provide evidence of her claims. But Mekonnen has not provided any evidence and has not responded to Defendants' Motion. The record before the Court supports Defendants' request for summary judgment in their favor on Mekonnen's claim. Accordingly,

1 | the Court GRANTS Defendants' Motion, ENTERS summary judgment in their favor, and
2 | DISMISSES Mekonnen's claims WITH PREJUDICE.

3 |     The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

4 |     Dated December 22, 2023.

*[signature]*

Marsha J. Pechman
United States Senior District Judge